UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY J. AJAERO,

                    Plaintiff,

        -against-

THE ENTIRE APPELLATE DIVISION,
APPELLATE TERM; SUPREME COURT;
CRIMINAL COURT; FAMILY COURT; AND
ALL OTHER INFERIOR COURTS WITHIN
THE STATE OF NEW YORK,

                    Defendants.

19-CV-11272 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that his rights have been violated in

various New York State courts. By order dated December 20, 2019, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Anthony J. Ajero filed this 182-page, 487-paragraph complaint, alleging that various judges, surrogates, and other judicial officers violated his rights with respect to pending and prior litigation in the New York State Surrogate, Supreme, and Housing Courts.

Plaintiff brings this action seeking to have this Court:

Immediately intervene to stay all proceedings pertaining to, and to vacate the fraudulently improper judgments against the petitioner's decedents estate and to prohibit the judiciary of the entire Appellate, Supreme, and inferior courts of New York State from presiding thus they must be compelled to abdicate and to transfer the underlying matters to the Federal Court as any ruling rendered in petitioner's favor within the [sic] these courts will, undoubtedly, be improperly reversed an [sic] reduced in retaliation by the Appellate Division and the Appellate Term who employ Appellate McKeon, in order to fraudulently conceal the crimes and

murders of Montefiore Hospital, where Appellate McKeon is Chairman of the Board of Directors, in similar fashion to the outcome of *Adams v. Pilarte*.

(ECF No. 2 at 179.)

Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.     Eleventh Amendment Immunity

Plaintiff's claims under 42 U.S.C. § 1983 against the New York state courts are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived

its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at \*4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff sues the Appellate Division, Appellate Term; Supreme Court; Criminal Court; Family Court; and all other inferior courts within the State of New York — all part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's § 1983 claims against these Defendants under the doctrine of Eleventh Amendment immunity and because these claims are frivolous.[1] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B.    Pending State-Court Proceedings

To the extent that Plaintiff, in seeking injunctive relief, asks this Court to intervene in his pending state-court proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad

---

[1] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App' x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Thus, abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jaco*bs, 134 S. Ct. 584, 588 (2013).

If a "federal lawsuit implicates the way that New York courts manage their own . . . proceedings — a subject in which "the states have an especially strong interest" — a State's interest is most likely implicated, warranting abstention under *Younger*. *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)). When any of these types of proceedings are pending in state court, the *Younger* doctrine bars federal courts from ordering injunctive relief that interferes with the state court proceedings. "State proceedings are pending for *Younger* purposes until all appellate court remedies have been

exhausted." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290 n.6 (S.D.N.Y. 2000).

Plaintiff's request that this Court intervene to stay all proceedings and vacate the state-court judgments implicates how the state court manages its proceedings. *Younger* abstention therefore applies, and this Court does not have jurisdiction over this action and will not intervene in those proceedings. *Falco*, 805 F.3d at 428.

**C.     *Rooker-Feldman* Doctrine**

Moreover, federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff can be understood as complaining that the state-court decisions violate his rights. If so, then Plaintiff's claim is for injuries "caused by the state-court judgment[s]." *Exxon*, 544 U.S. at 284. Plaintiff cannot ask this Court to review and reject the state-court decisions.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous, *see* 28 U.S.C. § 1915 (e)(2)(B)(1), and as barred by the doctrines of Eleventh Amendment immunity, *Younger* abstention, and *Rooker-Feldman*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 10, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge